JUDGE ELLIOTT
delivered the opinion oe the court.
This appeal questions the correctness of the instructions of the court in this action, which was brought by appellant in the Henderson Common Pleas Court against appellee for the damage appellant had sustained by reason of the shooting and *400 killing his dog by appellee; and we are of opinion that the court erred to appellant’s prejudice in its second instruction to the jury.
By the General Statutes it is provided that “it shall be lawful for any person to kill, or cause to be killed, any dog which he may find roaming at large on his premises without the presence of the owner or keeper of such dog; and it shall be further lawful for any person at any time to kill, or cause to be killed, any dog which may be or may have been found killing, worrying, or injuring any cattle outside of the inclosures of the owner of said dog.” (See General Statutes, 179.)
After the appellant had proved the killing of his dog by appellee, and the evidence was closed, the court by its second instruction told the jury that “ unless they believe from the evidence that plaintiff’s dog, in company with other dogs, had been worrying, that morning, defendant’s hogs, or unless the jury believe from the evidence that dogs had that morning been worrying the defendant’s hogs, and defendant going in search of said dogs and finding them, but plaintiff’s dog having got into company with them after they had worried the hogs, and the defendant not being apprised of the fact, but believing that the said dog was one of the dogs which had worried his hogs, shot and killed it, then the law is for the defendant, and the jury will so find.”
This instruction makes it lawful to kill any person’s dog that may be found in company with dogs that had been worrying cattle.
A person is authorized to kill a dog if found on his premises without the presence of the owner or keeper of such dog, or if it is found killing, worrying, or injuring any cattle outside of the inclosure of its owner, but he is not authorized to kill it because some other person’s dogs have been found worrying cattle and it has afterward been found in their company. This would, Poor Tray like, be killing a dog because it happens, *401 and perhaps without its own seeking, or the wish of its owner, to be found in bad company.
If the appellant’s dog was on appellee’s premises when killed, without the presence of its owner or keeper, the killing was lawful, or if it either by itself or in company with other dogs did actually worry his hogs, and said hogs were outside of the inclosure of the owner of the said dog when so worried, then it was lawful for appellee, or any body else, to kill said dog, and if killed under either of these circumstances it is fully authorized by the statute; but although, if hogs or cattle of any kind have been worried by dogs outside of the inclosure of the owner of the dogs, said dogs may be killed, still this does not authorize the killing of other and different dogs that had nothing to do with the worrying because afterward found in company with the guilty dogs.
Wherefore the judgment is reversed, and cause remanded for further proceedings consistent herewith.